UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-54-FDW

| | |
|---|---|
| STEVEN LEE SCHARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's habeas corpus petition, brought pursuant to 28 U.S.C. § 2241, (Doc. No. 1).

On February 2, 2016, Petitioner filed this writ of habeas corpus petition, pursuant to 28 U.S.C. § 2241. Petitioner appears to be asking for this Court to credit his 51-month sentence with the 5½ months he spent on home detention before reporting to prison to serve his custodial sentence.[1] Petitioner is confined at Butner Federal Correctional Institution, which is in the

---

[1] Petitioner filed a Section 2255 petition in this Court on June 16, 2014, claiming, among other things, that this Court should treat his period while on pre-trial home confinement as time-served toward his 51-month sentence. Scharr v. United States, 3:14cv315-MOC (W.D.N.C.). On June 19, 2014, this Court dismissed the Section 2255 petition, holding that there was no merit to Petitioner's claim that his period of pre-trial home confinement should be credited as time-served. The Court further stated that "[w]hile not stating a cognizable claim under Section 2255, petitioner's argument contesting the computation or execution of his sentence could well be considered an attack on the execution of his sentence, which is properly brought under 28 U.S.C. § 2241 in the district where Petitioner is confined. The court will, therefore, dismiss the second contention as frivolous under Section 2255; however, such dismissal will be without prejudice as to asserting such claim under Section 2241 (if he chooses to do so) in his district of confinement." (Id., Doc. No. 2 at 4). Petitioner then filed a Section 2441 in this Court on October 22, 2014, which this Court subsequently dismissed as frivolous. (Scharr v. United States, 3:14cv588-MOC (W.D.N.C.)).

1

Eastern District of North Carolina. Because the Section 2241 petition is properly filed in the Eastern District of North Carolina, this Court will transfer the petition to that court. See United States v. Vance, 563 Fed. App'x 277, 278 (4th Cir. 2014).

**IT IS, THEREFORE, ORDERED that:**

1. This action is transferred to the Eastern District of North Carolina.

2. The Clerk is directed to terminate this action after transferring it to the Eastern District of North Carolina.

3.

Frank D. Whitney
Chief United States District Judge